PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

FILED
2021 MAR 31  PM 2: 01
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR21-00544 TUC-JCH(LCK)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 371 (Conspiracy) Count 1 |
| 1. Carlos Edgardo Rincones-Vega, (Counts 1, 2, 3, 4) | |
| 2. Jayme Ptaschnik, (Counts 1, 2) | 18 U.S.C. § 554(a) (Smuggling Goods from the United States) Counts 2, 3, 4 |
| 3. Saphara Anderson, (Counts 1, 2) | 18 U.S.C. §§ 924(d) and 982(a)(1) 28 U.S.C. § 2461(c) (Forfeiture Allegation) |
| 4. Jason Barragan, (Counts 1, 4) | |
| 5. Isabel Marie Rosas, (Counts 1, 3) | |
| 6. Thomas Glomski, (Counts 1, 3) | |
| Defendants. | |

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

From on or about April 2020 through on or about June 2020, within the District of Arizona, CARLOS EDGARDO RINCONES-VEGA, JAYME PTASCHNIK, SAPHARA ANDERSON, JASON BARRAGAN, ISABEL MARIE ROSAS, and THOMAS

GLOMSKI did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, and to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, knowing the same to be intended for exportation contrary to any law or regulation of the United States; in violation of Title 18, United States Code, Section 554(a).

**Purpose of the Conspiracy**

The purpose of this conspiracy was to commit, and assist in the commission of, the unlawful smuggling of ammunition from the United States into the Republic of Mexico. The ammunition smuggled or intended to be smuggled in the course of this conspiracy includes:

- 4,000 rounds of 9mm ammunition
- 1,800 rounds of .45 Colt caliber ammunition
- 12,000 rounds of .38 Super caliber ammunition
- 4,000 rounds of .38 S&W caliber ammunition
- 2,000 rounds .308 WIN caliber ammunition
- 2,000 rounds of .223 caliber ammunition
- 4,000 rounds of 7.62x39mm caliber ammunition
- Three AR/M4 .223/5.56 caliber rifle magazines

**The Means and Methods of the Conspiracy**

The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that certain defendants and/or their co-conspirators would purchase bulk quantities of ammunition utilizing the internet, to be delivered to residences within the District of Arizona.

It was a further part of the conspiracy that these defendants and/or their co-conspirators would purchase this ammunition using stolen credit cards and/or credit card numbers belonging to other individuals and provide fictitious names on the ammunition orders.

It was a further part of the conspiracy that other defendants and/or their co-conspirators would receive the deliveries of bulk ammunition and store the ammunition in their residences in the District of Arizona.

It was a further part of the conspiracy that these defendants and/or their co-conspirators would provide this ammunition to other defendants and/or their co-conspirators with the knowledge that the ammunition was intended to ultimately be transported from the United States into the Republic of Mexico.

It was a further part of the conspiracy that these defendants and/or their co-conspirators would transport the ammunition from the United States into the Republic of Mexico.

It was a further part of the conspiracy that certain defendants and/or their co-conspirators would provide directions and/or payment to the other defendants and/or co-conspirators for receiving, storing, transferring, and transporting the ammunition.

It was a further part of the conspiracy that the defendants and/or their co-conspirators did not have any valid license or other authority to export the ammunition from the United States into the Republic of Mexico.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

On or about April 10, 2020, 4,000 rounds of 9mm ammunition were purchased over the internet from an ammunition retailer. The purchaser used a stolen credit card number to pay for the order and provided a fictitious name and an address in Tucson, Arizona, for the order. CARLOS EDGARDO RINCONES-VEGA coordinated the receipt of the ammunition with JAYME PTASCHNIK and SAPHARA ANDERSON, the residents of the address provided in the order.

On or about April 13, 2020, 1,800 rounds of .45 Colt caliber ammunition were purchased over the internet from an ammunition retailer. The purchaser provided a fictitious name and the same address in Tucson, Arizona, for the order. CARLOS

EDGARDO RINCONES-VEGA coordinated the receipt of the ammunition with JAYME PTASCHNIK and SAPHARA ANDERSON, the residents of the address provided in the order.

On April 24, 2020, JAYME PTASCHNIK and SAPHARA ANDERSON received and took possession of the 1,800 rounds of .45 Colt caliber ammunition ordered on April 13, 2020. PTASCHNIK and ANDERSON stored this ammunition at their residence, then provided it to another individual with the knowledge that the ammunition was intended to be unlawfully exported from the United States into Mexico.

On or about April 27, 2020, 4,000 rounds of .38 Super caliber ammunition were purchased over the internet from an ammunition retailer. The purchaser provided a fictitious name and the same address in Tucson, Arizona, for the order. CARLOS EDGARDO RINCONES-VEGA coordinated the receipt of the ammunition with JAYME PTASCHNIK and SAPHARA ANDERSON, the residents of the address provided in the order.

On April 30, 2020, JAYME PTASCHNIK and SAPHARA ANDERSON received and took possession of the 4,000 rounds of .38 Super caliber ammunition ordered on April 27, 2020. PTASCHNIK and ANDERSON stored this ammunition at their residence, then provided it to another individual with the knowledge that the ammunition was intended to be unlawfully exported from the United States into Mexico.

On or about May 4, 2020, 4,000 rounds of .38 Super caliber ammunition were purchased over the internet from an ammunition retailer. The purchaser provided a fictitious name and a second address in Tucson, Arizona, for the order. ISABEL MARIE ROSAS coordinated the delivery of the ammunition with THOMAS GLOMSKI, the resident of the address provided in the order. ROSAS intended to receive this ammunition after its delivery to GLOMSKI, and to facilitate the smuggling of the ammunition into Mexico. CARLOS EDGARDO RINCONES-VEGA was aware of this ammunition order and delivery and attempted to make arrangements for JAYME PTASCHNIK to collect this ammunition from GLOMSKI's residence.

On May 7, 2020, THOMAS GLOMSKI received and took possession of the 4,000 rounds of .38 Super caliber ammunition ordered on May 4, 2020. GLOMSKI provided the ammunition to another individual with the knowledge that the ammunition was intended to be unlawfully exported from the United States into Mexico.

Also on or about May 7, 2020, 4,000 rounds of .38 Super caliber ammunition were purchased over the internet from an ammunition retailer. The purchaser provided a fictitious name and the first address in Tucson, Arizona, for the order. CARLOS EDGARDO RINCONES-VEGA coordinated the receipt of the ammunition with JAYME PTASCHNIK and SAPHARA ANDERSON, the residents of the address provided in the order.

Also on or about May 7, 2020, 4,000 rounds of .38 S&W caliber ammunition were purchased over the internet from an ammunition retailer. The purchaser provided a fictitious name and a third address in Tucson, Arizona, for the order. This ammunition was delivered to the address provided in the order.

Between May 11 and 14, 2020, in Tucson, Arizona, JASON BARRAGAN received and took possession of the 4,000 rounds of .38 S&W caliber ammunition ordered on May 7, 2020. BARRAGAN provided the ammunition to another individual with the knowledge that the ammunition was intended to be unlawfully exported from the United States into Mexico. CARLOS EDGARDO RINCONES-VEGA coordinated the transfer of the ammunition from BARRAGAN to the other individual. BARRAGAN facilitated the intended unlawful exportation of ammunition in exchange for payment.

On May 14, 2020, in Nogales, Arizona, a male individual received and took possession of boxes containing what he believed to be the 4,000 rounds of .38 S&W caliber ammunition ordered on or about May 7, 2020, and received by JASON BARRAGAN between May 11 and 14, 2020; and the 4,000 rounds of .38 Super caliber ammunition ordered on or about May 7, 2020, and received by JAYME PTASCHNIK and SAPHARA ANDERSON on May 9, 2020. This male individual concealed these boxes in his vehicle and attempted to exit the United States and enter Mexico through the Port of Entry in

Nogales, Arizona, with the intent to unlawfully export ammunition from the United States into Mexico in exchange for payment.

Between on or about May 22 and June 1, 2020, CARLOS EDGARDO RINCONES-VEGA coordinated the delivery of 2,000 rounds of .308 WIN caliber ammunition, 2,000 rounds of .223 caliber ammunition, 4,000 rounds of 7.62x39mm caliber ammunition, and three AR/M4 .223/5.56 caliber rifle magazines, to a residence in Tucson, Arizona, with the intent that the ammunition and magazines be unlawfully exported from the United States into Mexico.

On June 2, 2020, CARLOS EDGARDO RINCONES-VEGA coordinated the transfer of the 2,000 rounds of .308 WIN caliber ammunition, 2,000 rounds of .223 caliber ammunition, 4,000 rounds of 7.62x39mm caliber ammunition, and three AR/M4 .223/5.56 caliber rifle magazines to another individual, with the intent of facilitating the unlawful export of the ammunition and magazines from the United States into Mexico. RINCONES-VEGA directed the other individual to take possession of the ammunition and magazines in Tucson, Arizona, and transport them to Mexico.

All of the aforementioned ammunition and magazines qualify as United States Commerce Control List items, and therefore are prohibited by law for export from the United States into Mexico without a valid license. None of the aforementioned defendants or their co-conspirators had a license or any other lawful authority to export the ammunition from the United States into Mexico.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

Between the dates of April 30, 2020 and May 6, 2020, in the District of Arizona, CARLOS EDGARDO RINCONES-VEGA, JAYME PTASCHNIK, and SAPHARA ANDERSON knowingly and fraudulently attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is: 1,800

rounds of .45 Colt caliber ammunition and 4,000 rounds of .38 Super ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Part 774; and Title 15, Code of Federal Regulations.

In violation of Title 18, United States Code, Section 554(a).

## COUNT 3

On or about May 7, 2020, in the District of Arizona, CARLOS EDGARDO RINCONES-VEGA, ISABEL ROSAS, and THOMAS GLOMSKI knowingly and fraudulently attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is: 4,000 rounds of .38 Super caliber ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Part 774; and Title 15, Code of Federal Regulations.

In violation of Title 18, United States Code, Section 554(a).

## COUNT 4

On May 14, 2020, in the District of Arizona, CARLOS EDGARDO RINCONES-VEGA and JASON BARRAGAN knowingly and fraudulently attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is: 4,000 rounds of .38 S&W caliber ammunition; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Part 774; and Title 15, Code of Federal Regulations.

In violation of Title 18, United States Code, Section 554(a).

## FORFEITURE ALLEGATION

Upon conviction of Counts One through Four of this Indictment, the defendants, CARLOS EDGARDO RINCONES-VEGA, JAYME PTASCHNIK, SAPHARA ANDERSON, JASON BARRAGAN, ISABEL ROSAS, and THOMAS GLOMSKI, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any ammunition involved in the commission of the offense, including, but not limited to:

- 1,800 rounds of .45 Colt caliber ammunition
- 12,000 rounds of .38 Super caliber ammunition
- 4,000 rounds of .38 S&W caliber ammunition
- 2,000 rounds .308 WIN caliber ammunition
- 2,000 rounds of .223 caliber ammunition
- 4,000 rounds of 7.62x39mm caliber ammunition
- Three AR/M4 .223/5.56 caliber rifle magazines

If any of the property described above, as a result of any act or omission of the defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendant.

///

All pursuant to Title 18, United States Code, Sections 924(d) and 982; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/S/

FOREPERSON OF THE GRAND JURY
Dated: March 31, 2021

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

**REDACTED FOR PUBLIC DISCLOSURE**

/S/

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney